Date Signed:
December 27, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LEWANNA FAYE GODINEZ,<br><br>               Debtor. | Case No. 16-00755<br>Chapter 7 |
| LEWANNA FAYE GODINEZ,<br><br>               Plaintiff,<br><br>vs.<br><br>PENNYMAC CORP., et al.,<br><br>               Defendants. | Adv. Pro. No. 16-90037 |

## ORDER TO SHOW CAUSE WHY ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED

On December 12, 2016, oral arguments were held on Defendant PennyMac Loan Services, LLC's ("PennyMac") motion to dismiss this adversary proceeding brought by Ms. Godinez. The matter was taken under advisement.[1] Although

---

[1] *Lewanna Faye Godinez v. PennyMac Corp., et al. (In re Godinez)*, Case No. 16-00755, Adv. No. 16-90037, Dkt. # 21.

neither party raised the issue, it appears that this adversary proceeding may be subject to discretionary abstention. This court may raise the discretionary abstention doctrine sua sponte.[2] This order to show cause explains my inclination to abstain from hearing this adversary proceeding, subject to reviewing responses filed by the parties.

**A. Discretionary Abstention**

28 U.S.C. § 1334(c)(1) provides for discretionary abstention:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[3]

According to the Ninth Circuit, a court should consider twelve factors in determining whether discretionary abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from

---

[2] *See, e.g., In re Pineda*, 2013 WL 1749554, at *3 (B.A.P. 9th Cir. Apr. 23, 2013)(unpublished decision); *see also Matter of Gober,* 100 F.3d 1195, 1207 n.10 (5th Cir. 1996)("Permissive abstention may be raised by the court sua sponte.")

[3] 28 U.S.C. § 1334(c)(1).

2

core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.[4]

The court must weigh each of these factors against the others and can choose to abstain even if fewer than all of the factors weigh in favor of abstention.[5] In this adversary proceeding, the factors seem to favor abstention, but I will consider any arguments made by the parties in response to this order to show cause before making a decision.

### Factor 1—Effect on Administration of the Estate

The administration of the bankruptcy estate in Ms. Godinez's case is virtually complete and the Chapter 7 trustee has already filed a Report of No Distribution.[6] I previously granted Ms. Godinez's motion to defer entry of discharge, allowing her additional time to file a reaffirmation agreement for an automobile loan,[7] but that did not extend the October 17, 2016 deadline for objecting to discharge.[8] Because

---

[4] *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S. D. Tex. 1987)).

[5] *See, e. g., id.*

[6] *In re Godinez*, Case No. 16-00755, Dkt. # 30.

[7] *Id.* at Dkt. # 37.

[8] The docket for Case No. 16-00755 incorrectly lists February 14, 2017 as the deadline for objecting to discharge.

there were no timely objections, Ms. Godinez will receive her discharge on February 14, 2017,[9] regardless of the outcome of this adversary proceeding. Therefore, resolution of the adversary proceeding is not central to the administration of the estate and this factor appears to weigh in favor of abstention.

**Factor 2—State Law Issues Predominate Over Bankruptcy Issues**

There are no issues of bankruptcy law in this adversary proceeding. The Truth-in-Lending Act ("TILA") claim presents the only federal law issue. Ms. Godinez alleged a number of state law issues including determining the actual holder of the note and the validity of Ms. Riley's endorsement on behalf of Washington Mutual Bank, F.A. Because there are some state law issues and no bankruptcy law issues, this factor weighs in favor of abstention.

**Factor 3—Difficulty or Unsettled Nature of Applicable Law**

The applicable state law regarding the holder and the validity of the note is not novel or complex. The federal law governing the TILA claim is also well-settled and not over-complicated. This factor appears to be neutral.

**Factor 4—Presence of a Related Proceeding in State Court**

The state court foreclosure lawsuit pertains to the same disputed real

---

[9] *In re Godinez*, Case No. 16-00755, Dkt. # 37.

4

property at issue in this adversary proceeding and summary judgment on the foreclosure issue was orally granted in the state court prior to the filing of this bankruptcy case. Thus, this factor weighs in favor of abstention.

**Factor 5—Jurisdictional Basis Other than 28 U.S.C. § 1334**

It appears from the face of the complaint that the TILA claims are the centerpiece of Ms. Godinez's case. The federal courts have "federal question" jurisdiction over those claims.[10] But at the hearing, Ms. Godinez said that her case is mostly about the validity of the endorsements on the promissory note, a question that is governed entirely by state law. Therefore, this factor appears to be neutral.

**Factor 6—Degree of Relatedness or Remoteness to Bankruptcy Case**

As stated above, the administration of the bankruptcy estate is virtually complete and the Chapter 7 trustee has already filed his Report of No Distribution, effectively abandoning the claims in this adversary proceeding. Therefore, this adversary proceeding apparently will have no effect on the bankruptcy case. This factor weighs in favor of abstention.

**Factor 7—Substance Rather than Form of "Core" Proceeding**

This factor requires me to consider whether this proceeding is core or

---

[10] *See* 28 U.S.C. § 1331.

U.S. Bankruptcy Court - Hawaii   #16-90037   Dkt # 23   Filed  12/28/16   Page 5 of 8

noncore in whole or in part. Core proceedings consist of all actions "arising under" title 11 and also those "arising in" a case under title 11. A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11.[11] The claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims nonetheless would have no existence outside of a bankruptcy case. 28 U.S.C. § 157(b)(2) contains a non-exhaustive list of core bankruptcy proceedings. Proceedings that are not core proceedings but are related to a bankruptcy case are called "noncore" proceedings.[12] Proceedings are "related to" a bankruptcy case and thus "noncore" if "they do not depend on the Bankruptcy Code for their existence and they could proceed in another court."[13] "Related to" jurisdiction is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case.[14]

Ms. Godinez's claims are not created or controlled by title 11, so this adversary proceeding does not "arise under" title 11. Her claims could be brought in the state court foreclosure proceeding and would exist outside of the bankruptcy

---

[11] *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013).

[12] 28 U.S.C. § 157(c).

[13] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

[14] *In re Chagolla*, 544 B.R. 676, 680 (B.A.P. 9th Cir. 2016)(citing *Sasson v. Sokoloff*, 424 F.3d 864, 868 (9th Cir. 2005).

6

case because they turn on nonbankruptcy federal law and state law. Therefore, the proceeding does not "arise in" a case under title 11. Because Ms. Godinez's claims do not "arise under" or "arise in" a case under title 11, they fall under "related to" jurisdiction and are noncore. This factor favors abstention.

### Factor 8—Feasibility of Severing State Law Claims from Core Bankruptcy Matters

Because none of the claims in this case are "core proceedings," severing the state law claims would leave only the federal TILA claim for this court. This factor weighs in favor of abstention .

### Factor 9—Burden of Bankruptcy Court's Docket

Standing alone, this case is not particularly burdensome. But Ms. Godinez will receive her Chapter 7 discharge within a couple of months, regardless of the outcome of the adversary proceeding. It seems unduly burdensome to have the bankruptcy court preside over a proceeding that will not affect the bankruptcy estate. This factor likely weighs in favor of abstention.

### Factor 10—Likelihood that Commencement in Bankruptcy Court Involves Forum Shopping

At the hearing on the motion to dismiss, Ms. Godinez indicated that summary judgment in the foreclosure action was orally granted in favor of PennyMac Corp. but a written ruling was not yet issued. Ms. Godinez seems to

7

have purposely filed this adversary proceeding because she lost in the state court, a classic example of forum shopping. This factor weighs heavily in favor of abstention.

**Factor 11—Existence of a Right to a Jury Trial**

Ms. Godinez demanded a jury trial in this adversary proceeding but it is unclear whether she is entitled to one due to the equitable nature of her claims. The bankruptcy court in this district does not have the power to conduct jury trials and whether a jury trial is even warranted remains unsettled. Therefore, this factor weighs in favor of abstention.

**Factor 12—Presence of Nondebtor Parties**

The majority of parties to this adversary proceeding are nondebtors. Ms. Godinez is the only party in bankruptcy. This factor weighs in favor of abstention.

On balance, these factors suggest that I should abstain from this adversary proceeding.

The parties are ORDERED to show cause why this court should not abstain from and dismiss this adversary proceeding. Any party who objects to dismissal of this adversary proceeding must file a response by January 13, 2017. Anyone who wishes to respond to any such objection may do so by January 20, 2017. The court will then decide the matter without further notice or hearing.

**END OF ORDER**