Date Signed:
January 24, 2017



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LEWANNA FAYE GODINEZ,<br><br>                  Debtor. | Case No. 16-00755<br>Chapter 7 |
| LEWANNA FAYE GODINEZ,<br><br>                  Plaintiff,<br><br>vs.<br><br>PENNYMAC CORP., et al.,<br><br>                  Defendants. | Adv. Pro. No. 16-90037 |

## ORDER DISMISSING ADVERSARY PROCEEDING

On December 28, the court issued an order requiring the parties to show cause why this adversary proceeding should not be dismissed based on discretionary abstention. Plaintiff Lewanna Faye Godinez and defendant PennyMac Loan Services, LLC'("PennyMac") responded to the order. For the following reasons, I will dismiss this adversary proceeding.

28 U.S.C. § 1334(c)(1) provides for discretionary abstention:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[1]

According to the Ninth Circuit, a court should consider twelve factors in determining whether discretionary abstention is appropriate:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.[2]

The court must weigh each of these factors against the others and can choose to abstain even if fewer than all of the factors weigh in favor of abstention.[3]

---

[1] 28 U.S.C. § 1334(c)(1).

[2] *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S. D. Tex. 1987)).

[3] *See, e. g., id.*

2

In her response, Ms. Godinez argues the merits of her claims. The abstention doctrine has nothing to do, however, with whether the claims are meritorious; rather, abstention considers what court should decide those claims.

Although Ms. Godinez addresses only three of the twelve abstention factors, I will discuss all of them.

**Factor 1—Effect on Administration of the Estate**

The administration of the bankruptcy estate in Ms. Godinez's case is virtually complete. The chapter 7 trustee has already filed a Report of No Distribution.[4] This indicates that the trustee has concluded that Ms. Godinez' claims are not worth pursuing. I previously granted Ms. Godinez's motion to defer entry of discharge, allowing her additional time to file a reaffirmation agreement for an automobile loan,[5] but that did not extend the October 17, 2016 deadline for objecting to discharge.[6] Because there were no timely objections, Ms. Godinez will receive her discharge on February 14, 2017,[7] regardless of the outcome of this adversary proceeding. Therefore, resolution of the adversary proceeding is not central to the administration of the estate and this factor weighs in favor of

---

[4] *In re Godinez*, Case No. 16-00755, Dkt. # 30.

[5] *Id.* at Dkt. # 37.

[6] The docket for Case No. 16-00755 incorrectly lists February 14, 2017 as the deadline for objecting to discharge.

[7] *In re Godinez*, Case No. 16-00755, Dkt. # 37.

abstention.

**Factor 2—State Law Issues Predominate Over Bankruptcy Issues**

There are no issues of bankruptcy law in this adversary proceeding. The Truth-in-Lending Act ("TILA") claim presents the only federal law issue. Ms. Godinez alleged a number of state law issues including determining the actual holder of the note and the validity of an endorsement on behalf of Washington Mutual Bank, F.A. Because there are some state law issues and no bankruptcy law issues, this factor weighs in favor of abstention.

**Factor 3—Difficulty or Unsettled Nature of Applicable Law**

State law regarding the holder and the validity of the note is not novel or complex. The federal law governing the TILA claim is also well-settled and not over-complicated. This factor is neutral.

**Factor 4—Presence of a Related Proceeding in State Court**

There is a pending foreclosure lawsuit in state court pertaining to the same loan and property at issue in this adversary proceeding. The state court orally granted summary judgment in the foreclosure case before Ms. Godinez filed her bankruptcy case. Thus, this factor weighs in favor of abstention.

**Factor 5—Jurisdictional Basis Other than 28 U.S.C. § 1334**

According to the complaint, the TILA claims are the centerpiece of Ms.

Godinez's case. The federal courts have "federal question" jurisdiction over those claims.[8] But at the hearing on Pennymac's motion to dismiss, Ms. Godinez said that her case is mostly about the validity of the endorsements on the promissory note, a question that is governed entirely by state law. Therefore, this factor is neutral.

**Factor 6—Degree of Relatedness or Remoteness to Bankruptcy Case**

As stated above, the administration of the bankruptcy estate is virtually complete and the chapter 7 trustee has already filed his Report of No Distribution, effectively abandoning the claims in this adversary proceeding. Therefore, unless Ms. Godinez can persuade the trustee to reverse his position, this adversary proceeding will have no effect on the bankruptcy case. This factor weighs in favor of abstention.

**Factor 7—Substance Rather than Form of "Core" Proceeding**

This factor requires me to consider whether this proceeding is core or noncore in whole or in part. Core proceedings consist of all actions "arising under" title 11 and also those "arising in" a case under title 11. A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11.[9] The

---

[8] *See* 28 U.S.C. § 1331.

[9] *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013).

claims for relief in a proceeding "arising in" a title 11 case are not explicitly created or controlled by title 11, but such claims nonetheless would have no existence outside of a bankruptcy case. 28 U.S.C. § 157(b)(2) contains a non-exhaustive list of core bankruptcy proceedings. Proceedings that are not core proceedings but are related to a bankruptcy case are called "noncore" proceedings.[10] Proceedings are "related to" a bankruptcy case and thus "noncore" if "they do not depend on the Bankruptcy Code for their existence and they could proceed in another court."[11] "Related to" jurisdiction is an exceptionally broad category encompassing virtually any matter either directly or indirectly related to the bankruptcy case.[12]

Ms. Godinez's claims are not created or controlled by title 11, so this adversary proceeding does not "arise under" title 11.

Ms. Godinez could bring her claims in the state court foreclosure proceeding. Those claims exist outside of the bankruptcy case because they turn on nonbankruptcy federal law and state law. Therefore, the proceeding does not "arise in" a case under title 11.[13]

---

[10] 28 U.S.C. § 157(c).

[11] *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

[12] *In re Chagolla*, 544 B.R. 676, 680 (B.A.P. 9th Cir. 2016)(citing *Sasson v. Sokoloff*, 424 F.3d 864, 868 (9th Cir. 2005).

[13] Ms. Godinez argues that her claims arise in her bankruptcy case because she gave notice of rescission of the note and mortgage under TILA. But her rescission rights arise only under the

6

Because Ms. Godinez's claims do not "arise under" or "arise in" a case under title 11, they fall under "related to" jurisdiction and are noncore. This factor favors abstention.

**Factor 8—Feasibility of Severing State Law Claims from Core Bankruptcy Matters**

Because none of the claims in this case are "core proceedings," severing the state law claims would leave only the federal TILA claim for this court. This factor weighs in favor of abstention.

**Factor 9—Burden of Bankruptcy Court's Docket**

Standing alone, this case is not particularly burdensome. But Ms. Godinez will receive her chapter 7 discharge within a few weeks, regardless of the outcome of the adversary proceeding. There is no reason for the bankruptcy court to preside over a proceeding that will not affect the bankruptcy estate. Ms. Godinez claims that, because she allegedly rescinded her note and mortgage, her property has value to the estate. But by filing the Report of No Distribution, the trustee has indicated that he does not believe her claims are worth administering in bankruptcy.[14] This factor weighs in favor of abstention.

---

TILA statute, not under title 11 (the Bankruptcy Code).

[14] This also raises an issue of standing. All of Ms. Godinez' rights and claims are property of her bankruptcy estate and are under the exclusive control of the trustee. Ms. Godinez probably has no right to pursue this case until her bankruptcy case his closed and the property of the estate reverts to her.

7

U.S. Bankruptcy Court - Hawaii   #16-90037   Dkt # 33   Filed  01/24/17   Page 7 of 8

### Factor 10—Likelihood that Commencement in Bankruptcy Court Involves Forum Shopping

At the hearing on the motion to dismiss, Ms. Godinez indicated that summary judgment in the foreclosure action was orally granted in favor of PennyMac Corp. but a written ruling was not yet issued. Ms. Godinez must have filed this adversary proceeding because she lost in the state court. This is a classic example of forum shopping. This factor weighs heavily in favor of abstention.

### Factor 11—Existence of a Right to a Jury Trial

Ms. Godinez demanded a jury trial in this adversary proceeding, but she may not be entitled to one on her equitable and statutory claims. The bankruptcy court in this district does not have the power to conduct jury trials and whether a jury trial is even warranted remains unsettled. She seeks leave to file an amended complaint and to "transfer venue" to the district court. I will treat this factor as neutral.

### Factor 12—Presence of Nondebtor Parties

The majority of parties to this adversary proceeding are nondebtors. Ms. Godinez is the only party in bankruptcy. This factor weighs in favor of abstention.

On balance, these factors weigh heavily in favor of discretionary abstention. Therefore, the court will enter a separate judgment DISMISSING this adversary proceeding .

**END OF ORDER**